UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**CLEO JOHNSON WHITE**              **CIVIL ACTION NO. 3:17-CV-00488**

                                                       **JUDGE TERRY A. DOUGHTY**

**VERSUS**

**WAL-MART LOUISIANA, LLC,**       **MAG. JUDGE KAREN L. HAYES**
  **ET AL.**

**RULING**

Plaintiff Cleo Johnson White ("White") brought this lawsuit against Wal-Mart Louisiana, LLC; Wal-Mart Associates, Inc.; Wal-Mart Realty Company; Wal-Mart Real Estate Business Trust; Wal-Mart Store, Inc.; Wal-Mart Stores East, LP; Wal-Mart Transportation, LLC; and Wal-Mart TRS, LLC seeking damages for an alleged slip and fall accident at the Wal-Mart store in Monroe, Louisiana. Pending before the Court is a Motion for Summary Judgment filed by the Defendants ("Wal-Mart") [Doc. No. 19] on the issue of liability. Plaintiff White has filed an Opposition [Doc. No. 21]. For the following reasons, the Motion for Summary Judgment is **GRANTED**.

**I.      FACTS**

White originally filed her petition for damages in the Fourth Judicial District Court for Ouachita Parish, Louisiana, and it was subsequently removed to this Court. In her petition, White alleges that, on or about June 9, 2015, while shopping at the Monroe Wal-Mart store, she found herself falling to the floor, suddenly and without warning, as a result of her feet slipping on a substance on the floor in the area trafficked by customers of the store and employees alike. While on the floor attempting to get up with assistance from a relative, she observed close-up

liquids or juices and a number of crushed grapes which appeared as if trampled and extended in and beyond the area and direction she was walking. At the time of the fall, she alleges several Wal-Mart employees wearing Wal-Mart uniforms were observed moving in and around the general area, stocking shelves and performing other activities. There were no warning signs of any type posted, nor wet floor warnings. She seeks damages for the injuries she suffered as a result of the fall, including injuries to her neck, right arm, right shoulder, right wrist, right hip, right thigh, right leg, right ankle and upper and lower back.

White contends that Wal-Mart's failed to exercise reasonable care to keep its aisles and passageways and floors in a reasonably safe condition. She further contends that Wal-Mart knew or should have known the condition of the floor by reasonably diligent efforts to maintain the premises and had reasonable time to discover and eliminate the hazard and failed to do so.

Wal-Mart now moves for summary judgment, asserting that White cannot sustain her burden of proof in this case. Wal-Mart argues that under Louisiana law, a plaintiff must establish not only the existence of a dangerous condition, such as a substance on the floor, but must also establish that the defendant either created the condition or had actual or constructive notice of the condition which caused the damage prior to the occurrence. Wal-Mart contends that White cannot satisfy this burden, and, as such, there is no genuine issue of material fact, and it is entitled to summary judgment, dismissing White's claims and demands with prejudice.

White responds that her deposition testimony clearly establishes the grapes had been there a sufficient time before her fall because she testified she saw dirty spots in the grapes like someone had stepped in them.

The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

## B. Analysis

Louisiana Revised Statute 9:2800.6 governs slip-and-fall accidents in merchant retail stores and is as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> (2) "Merchant" means one whose business is to sell goods, food, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
>
> D. Nothing herein shall affect any liability which a merchant may have under Civil Code arts. 660, 667, 669, 2317, 2322 or 2695.

A plaintiff must prove:

1. The condition presented an unreasonable risk of harm and that risk was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and

3. The merchant failed to exercise reasonable care.

*Allen v. Wal-Mart Stores, Inc.,* 37,352, (La. App. 2d Cir. 6/25/03) 850 So.2d 895, 897.

A plaintiff's failure to prove any of these factors is fatal to her claim. *Id.* Courts will not infer constructive notice; the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time. *White v. Wal-Mart Stores, Inc.,* 699 So. 2d 1081, 1084 (La. 9/9/97). "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some period of time." *Id.* A "defendant need not come forward with positive evidence of the absence of the spill." *Id. at 1086.*

Wal-Mart submits the deposition testimony of White to show that she slipped and fell on some grapes on the floor of the store; that she has no knowledge as to how long the grapes were there prior to her fall, or how the grapes got on the floor; and that she cannot say that anyone from Wal-Mart knew they were there prior to the accident. Wal-Mart submits there is no evidence that any Wal-Mart employee knew the grapes were on the floor prior to White's fall. Wal-Mart also points out White's testimony that she did not see what was on the floor prior to the accident and cannot say how the floor looked prior to the accident. Wal-Mart concludes that summary judgment is appropriate because White cannot establish that Wal-Mart either created the condition on the floor, had actual notice of its existence, or that it was there for such a period of time that Wal-Mart should have known about it.

White responds that her deposition testimony establishes the existence of a genuine issue of material fact as to constructive notice. In her deposition, she testified " … it was like footprints of dirt like something was on it," and "That's when I saw it was grapes and it was like dirty spots like someone had stepped in them or something." White submits this testimony establishes the grapes had been there long enough before her fall to establish constructive notice. She argues the dirt tracks in the grapes cannot be explained other than by foot traffic in the area, and, necessarily, the grapes had been there a sufficient time for people, whether customers or employees, to track through the substance without remediation of the hazard.

After a review of the relevant case law, the Court agrees with Wal-Mart that White has failed to meet her burden. In *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476, the plaintiff slipped and fell in a substance in a restroom at a casino. The casino filed a motion for summary judgment, asserting that the plaintiff could not meet her burden of proof under La. R.S. 9:2800.6(A) because she could not show that the casino had any knowledge of how the substance got on the floor or how long it had been on the floor prior to the time she slipped and fell. *Id*. at 478-79. The district court agreed, granting the motion for summary judgment and dismissing plaintiff's claims. The Second Circuit affirmed, holding that the undisputed facts showed that the plaintiff could not meet her burden of proof, by establishing the constructive notice element.

In *Leger v. Wal-Mart Louisiana, LLC*, 343 Fed.Appx. 953, 954 (5th Cir. 2009), the Fifth Circuit dismissed plaintiff's claims because she could not present evidence of how long the substance had been on the floor prior to her fall.

In *Allen v. Wal-Mart Stores, Inc*., 37,352 (La. App. 2 Cir. 6/25/03), 850 So. 2d 895, the plaintiff claimed to have slipped and fallen at a Shreveport Wal-Mart. Wal-Mart filed a motion

for summary judgment, contending that the plaintiff could not present evidence sufficient to prove the essential elements of her claim; specifically that Wal-Mart had actual or constructive notice of the condition allegedly causing her fall. The Second Circuit observed that the plaintiff offered no evidence of actual notice, and consequently, plaintiff's case hinged upon her ability to prove constructive notice. The court held that it could not infer constructive notice absent some showing that the condition existed for such time that it should have been discovered in the exercise of reasonable care. *Id*. at 899-900. The plaintiff did not present any evidence that anyone noticed the substance on the floor at any time prior to the accident. Further, the plaintiff presented no evidence personally or from any third-party witnesses to show that the spill was marked with footprints or other tracks as evidence that the spill had been there for a period of time. The court determined that the lack of evidence as to the origin or state of the spill rendered the inference of constructive notice "no more likely than any potential scenario" and, therefore, summary judgment was proper. *Id*. at 899.

In *Robinson v. Brookshires #26*, 33,713 (La. App. 2 Cir. 8/25/00), 769 So. 2d 639, the plaintiff tripped and fell on a "puckle" in the rug in the produce section of the store. The trial court granted summary judgment in favor of Brookshires, which the Second Circuit Court of Appeal affirmed, because plaintiff could not prove that Brookshires had constructive notice of the condition prior to the accident. The court noted that there was no evidence to suggest that Brookshires either created the condition or had actual notice of its existence. *Id*. at 641. The plaintiff admitted that she did not see the "puckle" in the rug prior to her fall and that she had no knowledge as to the length of time the condition existed prior to her accident. The court relied upon the language of the Louisiana Supreme Court which makes it clear that the plaintiff's burden is to make a "positive showing" that the condition existed for "some time" prior to the

7

fall in order to prevail. *Id*, at 641, citing *Babin v. Winn Dixie Louisiana, Inc.,* 00-0078 (La. 6/30/00), 764 So.2d 37, 40; *see also, Oster v. Winn Dixie Louisiana, Inc.,* 04-117 (La. App. 5 Cir. 8/31/04), 881 So.2d 1257, 1261 ("Where a claimant is relying upon constructive notice . . . the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.").

Similarly, in the instant case, White has failed to produce factual support sufficient to establish that the condition existed for some period of time prior to the accident sufficient to give rise to constructive notice. Although White testified in her deposition that, after she fell, she saw dirty spots in the grapes "like someone had stepped in them", she also stated, "I assume I had stepped on them, because I went sliding like this". Therefore, it could have been her own tracks that she observed after the fall. Furthermore, even if it is assumed the tracks were made by someone else, she has produced nothing to show when that could have occurred, i.e., whether 30 minutes earlier, or ten seconds earlier. Accordingly, White has not satisfied her burden of proof against Wal-Mart, and Wal-Mart is entitled to judgment as a matter of law.

## III. CONCLUSION

For the reasons set forth above, Wal-Mart's Motion for Summary Judgment [Doc. No. 19] is **GRANTED**. Plaintiff Cleo Johnson White's claims against Wal-Mart are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 18th day of July, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**